GOLDBERG, MILLER & RUBIN
www.gmrlawfirm.com

**Please send all mail to the following address:**
**121 S. Broad Street, Suite 1600**
**Philadelphia, PA 19107**

October 6, 2026

**VIA E-FILING**
Honorable John P. Cronan, USDJ
Daniel Patrick Moynihan
United States Courthouse, Courtroom 12D
500 Pear Street
New York, NY 10007-1312

**RE: 26-cv-03239-JPC**
**Luis Alfredo Tipan Villegas and Wilson Efrain Cunuhay Toaquiza, Individually and on behalf of all other employees similarly situated v. D1 Installation Corp d/b/a Umbrella, Central Construction Management LLC, Gregory Kalamaras, Edwin Samaniego, and Jorge Enciso.**

Honorable Judge Cronan:

The Parties submit this joint letter in response to Your Honor's Order on September 30, 2026 confirming whether Defendants object to this substitution; and providing any information as to whether Evangelia Kalamaras consents to the substitution.

<u>Defendant Central Construction Management LLC Position</u>

Defendant, Central Construction Management LLC ("Central"), respectfully opposes the motion to substitute Evangelia Kalamaras as proposed Executor of the estate of Gregory Kalamaras. No estate has been established, and, upon information presently available, the citation has not yet been issued. In addition, because a minor is involved, a guardian ad litem will need to be appointed before the interests of the minor can be adequately represented. The necessary proceedings therefore remain at a preliminary stage and may require substantial time to complete.

Under these circumstances, Central respectfully submit that proceeding against a deceased defendant before a duly authorized representative has been appointed would prejudice both the interests of Mr. Kalamaras's estate and the remaining Defendants. Among other things, the deceased defendant is presently unable to participate in discovery, provide factual information, assist in the defense, or otherwise meaningfully litigate the claims asserted against him. Central therefore respectfully submit that substitution should not proceed unless and until the appropriate representative has been duly appointed and authorized to act on behalf of the estate.

Central would, however, consent to the discontinuance of the claims against Mr. Kalamaras without prejudice. Such a disposition would permit the action to proceed against the remaining Defendants without requiring the parties and the Court to await completion of the estate and guardianship proceedings.

Central also notes that, based on the allegations presently pleaded, it is not apparent that Plaintiff possesses a good-faith factual basis for the claims asserted against Mr. Kalamaras. Plaintiff was allegedly employed as a day laborer by a subcontractor, and the pleading does not identify facts explaining how Plaintiff would have personal knowledge, or a reasonable basis for information and belief, concerning Mr. Kalamaras's alleged conduct or involvement. The allegations against him appear to be conclusory and unsupported by identified facts.

If Plaintiff has a good-faith factual basis for maintaining the claims against Mr. Kalamaras, Central respectfully request that Plaintiff identify that basis. In the absence of such a showing, Central submits that the claims should be discontinued without prejudice, thereby allowing the action to proceed expeditiously against the remaining Defendants.

For these reasons, Central opposes the proposed substitution at this time but would consent to discontinuing the claims against Mr. Kalamaras without prejudice. Counsel for Central does not represent Evangelia Kalamaras and respectfully was unable to confirm if she consents to the substitution.

Plaintiffs' Position

Plaintiffs acknowledge that, because Evangelia Kalamaras has not yet been formally appointed as executor or administrator of Kalamaras's estate, substitution of Evangelia Kalamaras as the estate's representative may be premature at this time. That circumstance, however, does not warrant dismissal or voluntary discontinuance of Plaintiffs' claims against Kalamaras.

Courts addressing precisely this circumstance have permitted the claims against a deceased party to remain pending while an estate representative is appointed. *See, e.g., Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y. 1993) (denying motion for substitution without prejudice where no representative had yet been appointed and permitting plaintiff to renew the motion following appointment of an estate representative); *Gusler v. City of Long Beach*, 2015 WL 3796328, at *3–4 (E.D.N.Y. 2015) (denying substitution without prejudice to refiling following appointment of a representative). Indeed, the Court may find that the absence of an appointed estate representative does not place Plaintiffs in danger of allowing the Rule 25(a)(1) substitution period to expire because, as *Smith v. Planas* explains, the 90-day period is not triggered by a suggestion of death that fails to identify the decedent's successor or representative who may be substituted. *See Smith*, 151 F.R.D. 547, 549 (S.D.N.Y. 1993).

Here, Plaintiffs have acted diligently and in accordance with the Court's direction to pursue substitution. Proceedings concerning Kalamaras's estate are presently pending in Queens County Surrogate's Court, but no representative has yet been formally appointed. Plaintiffs therefore respectfully submit that, if the Court concludes that substitution cannot occur until such appointment is completed, the appropriate course is to deny the present request for substitution without prejudice, or hold the issue of substitution in abeyance, and permit Plaintiffs to renew their request promptly upon the appointment of an estate representative. Plaintiffs further respectfully request that the time for substitution under Rule 25(a) be extended or deemed not to have started to run.

Central's additional contention concerning the factual basis for Plaintiffs' claims against Kalamaras does not provide a basis for requiring Plaintiffs to voluntarily discontinue those claims. The present issue concerns substitution following Kalamaras's death, not the sufficiency or ultimate merits of Plaintiffs' claims against him. Plaintiffs maintain that their claims were asserted in good faith and have a factual and legal basis. Those claims should not be extinguished merely because the Surrogate's Court proceedings necessary to appoint a representative of Kalamaras's estate have not yet been completed.

Accordingly, Plaintiffs respectfully request that the Court decline Central's invitation to require discontinuance of the claims against Kalamaras and instead permit Plaintiffs to renew their request for substitution promptly following the appointment of a representative of his estate.

Respectfully,

/s/ Jennifer Rankin

Jennifer K. Rankin
*Attorneys for Defendant Central*
jrankin@gmrlawfirm.com
Direct: (646) 419-5401

Lisa Skruck
*Attorneys for Plaintiffs*
lisa@seolawgroup.com
Tel: (718) 500-3340

The Court adopts Plaintiffs' proposal. Plaintiffs' substitution motion is denied without prejudice. Plaintiff may renew its motion once a representative of Mr. Kalamaras's estate has been appointed, and the Court extends the Rule 25(a) deadline until 90 days after that time. *See* Fed. R. Civ. P. 6(b); *Gusler v. City of Long Beach*, No. 10 Civ. 2077 (PKC) (AKT), 2015 WL 3796328, at *3 (E.D.N.Y. June 18, 2015). The Clerk of Court is respectfully directed to close the motion pending at Docket Numbers 29-31.

SO ORDERED.
October 7, 2026
New York, New York

JOHN P. CRONAN
United States District Judge